ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
IN REGARD TO THE IMPLEMENTATION OF 19 O.S. 952.1, WHICH OF THE CURRENT MEMBERS ELECTED BY COUNTY EMPLOYEES TO A BOARD OF TRUSTEES ADMINISTERING A COUNTY RETIREMENT SYSTEM IS TO BE REPLACED BY A RETIREE?
BECAUSE YOUR QUESTION CAN BE READILY ANSWERED BY REFERENCE TO OKLAHOMA STATUTES AND CASE LAW, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS THUS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE FOLLOWING CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTION YOU HAVE RAISED.
THIS QUESTION REVOLVES AROUND THE INTERPRETATION OF 19 O.S. 952.1 (1992). THIS STATUTE PROVIDES FOR THE COMPOSITION OF THE BOARD OF TRUSTEES FOR COUNTY RETIREMENT SYSTEMS. SUBSECTION A PROVIDES:
 "THE BOARD OF TRUSTEES SHALL BE COMPOSED OF NINE (9) MEMBERS AS FOLLOWS:
 1. ONE MEMBER SHALL BE THE COUNTY TREASURER WHO SHALL BE THE TREASURER OF THE BOARD OF TRUSTEES;
 2. ONE MEMBER SHALL BE THE COUNTY CLERK WHO SHALL BE THE CLERK OF THE BOARD OF TRUSTEES;
 3. ONE MEMBER SHALL BE THE CHAIRMAN OF THE BOARD OF COUNTY COMMISSIONERS;
 4. FOUR MEMBERS TO BE ELECTED BY THE EMPLOYEES OF SAID COUNTY, PROVIDED IN COUNTIES WITH A POPULATION IN EXCESS OF FIVE HUNDRED THOUSAND (500000) ACCORDING TO THE LATEST FEDERAL DECENNIAL CENSUS. ONE OF THE FOUR MEMBERS SHALL BE A RETIRED MEMBER OF THE SYSTEM: AND
 5. TWO MEMBERS TO BE ELECTED BY THE CHAIRMAN OF THE BOARD OF COUNTY COMMISSIONERS SUBJECT TO THE APPROVAL OF A MAJORITY OF THE BOARD OF COUNTY COMMISSIONERS."
(EMPHASIS ADDED.)
WHILE THE STATUTE DOES NOT SPECIFICALLY SET FORTH WHICH OF THE CURRENT ELECTED EMPLOYEE MEMBERS IS TO BE REPLACED BY THE RETIREE, THE TERMS OF OFFICE OF THE MEMBERS APPOINTED TO THE BOARD OF TRUSTEES ARE DISCUSSED IN SUBSECTION B. SUBSECTION B PROVIDES:
 "THE TERMS OF OFFICE OF THE MEMBERS APPOINTED TO THE BOARD OF TRUSTEES BY THE EMPLOYEES OF SAID COUNTY WHO ARE MEMBERS OF THE BOARD OF TRUSTEES ON THE EFFECTIVE DATE OF THIS ACT SHALL EXPIRE ON JULY 1, 1990. THE MEMBERS APPOINTED OR ELECTED TO FILL THE POSITIONS THAT EXPIRE SHALL SERVE INITIAL TERMS OF OFFICE AS FOLLOWS:
 A. THE TERM OF OFFICE OF ONE OF THE MEMBERS ELECTED BY THE EMPLOYEES OF SAID COUNTY SHALL EXPIRE JULY 1, 1991,
 B. THE TERM OF OFFICE OF ONE OF THE MEMBERS ELECTED BY THE EMPLOYEES OF SAID COUNTY SHALL EXPIRE JULY 1, 1992,
 C. THE TERM OF OFFICE OF ONE OF THE MEMBERS ELECTED BY THE EMPLOYEES OF SAID COUNTY SHALL EXPIRE JULY 1, 1993, AND
 D. THE TERM OF OFFICE OF ONE OF THE MEMBERS ELECTED BY THE EMPLOYEES OF SAID COUNTY SHALL EXPIRE JULY 1, 1994."
THEREAFTER, THE TERMS OF OFFICE OF THE MEMBERS OF THE BOARD OF TRUSTEES APPOINTED BY THE EMPLOYEES OF SAID COUNTY SHALL BE THREE (3) YEARS. 19 O.S. 952.1 AS AMENDED BECAME EFFECTIVE JULY 1, 1992. AS OF THAT DATE, IT IS A REQUIREMENT THAT ONE OF FOUR MEMBERS BE A RETIREE, PROVIDED THE COUNTY HAS A POPULATION EXCEEDING 500,000. THE FUNDAMENTAL OBJECTIVE OF STATUTORY CONSTRUCTION IS TO DETERMINE THE LEGISLATIVE INTENT THROUGH AN EXAMINATION OF THE STATUTE'S LANGUAGE. SEE, E.G., FULLER V. ODOM, 741 P.2D 449 (OKLA.1987). THERE IS NO ROOM FOR CONSTRUCTION OR PROVISION FOR FURTHER INQUIRY WHEN THE LEGISLATURE PLAINLY EXPRESSES ITS INTENT. SEE, E. ., IN RE REQUEST OF HAMM PRODUCTION CO., 671 P.2D 50 (OKLA.1983). THE LEGISLATIVE INTENT OF THE PROVISION IN QUESTION IS FOR ONE OF THE MEMBERS TO BE A RETIREE. BECAUSE THE STATUTE SAYS THAT ONE IN FOUR "SHALL" BE A RETIREE, THIS REQUIREMENT IS MANDATORY. IN THE CONSTRUCTION OF STATUTES "SHALL" IS USUALLY GIVEN ITS COMMON MEANING OF "MUST". SNEED V. SNEED, 585 P.2D 1363 (OKLA.1978).
"STATUTES . . . MUST BE CONSTRUED AS A CONSISTENT WHOLE IN HARMONY WITH COMMON SENSE AND REASON(.)" COWART V. PIPER AIRCRAFT CORP., 665 P.2D 315, 317. AS OF JULY 1, 1993, 19 O.S. 952.1(A) REQUIRES THAT ONE OF THE ELECTED MEMBERS OF THE BOARD BE A RETIREE. 19 O.S. 952.1(B)(C) SPECIFIES THAT THE TERM OF OFFICE OF ONE OF THE ELECTED MEMBERS EXPIRES JULY 1, 1993. COMMON SENSE AND REASON WOULD DICTATE THAT COMPLIANCE AS TO THE COMPOSITION OF THE BOARD BEGIN AT THE EARLIEST POSSIBLE OPPORTUNITY. THEREFORE, IN ORDER TO COMPLY WITH THE MANDATORY PROVISION THAT ONE OF THE FOUR ELECTED MEMBERS BE A RETIREE, THE FIRST AVAILABLE POSITION AFTER THE STATUTE'S EFFECTIVE DATE SHOULD BE FILLED WITH A RETIRED MEMBER OF THE SYSTEM.
(GAY ABSTON TUDOR)